IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS, | ) | CASE NO.: |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| POSTAL POLICE OFFICERS | ) | **COMPLAINT** |
| ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Hilda L. Solis, Secretary of the U.S. Department of Labor, alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, as amended (Act of September 14, 1959, 73 Stat. 519, et seq., 29 U.S.C. §§ 481-483, hereinafter referred to as the Act), as applied to the Postal Police Officers Association (Defendant) by the Postal Reorganization Act at 39 U.S.C. § 1209(b), for a judgment declaring that the July 29, 2011 election conducted by Defendant for the officer positions of President and First Vice President is void and directing Defendant to conduct a new election for

1

the offices of President and First Vice President under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Hilda L. Solis is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is an unincorporated association, currently located within the County of Lake, Ohio, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, an independent labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act (29 U.S.C. §§ 402(i) and 402(j)).

7. Defendant, purporting to act pursuant to its Constitution and Bylaws, conducted an election of officers on July 29, 2011, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

8. By letter dated September 12, 2011, to Defendant's Election Committee Chair, the complainant, Scott Murray, a member in good standing of Defendant, protested the July 29, 2011 election.

9. By letter dated October 12, 2011, to Murray, the Defendant's Election Committee Chair denied the protest.

10. Murray appealed the decision of the Election Committee Chair to the Defendant's Executive Board by letter dated October 23, 2011.

11. By certified letter dated and mailed December 9, 2011, received by Murray on December 14, 2011, the Defendant's Executive Board denied the appeal.

12. In compliance with section 402(a)(1) of the LMRDA, 29 U.S.C. § 482(a)(1), complainant Scott Murray filed a timely administrative complaint with the Department, received January 13, 2012.

13. By letter signed February 27, 2012, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to March 30, 2012.

14. By letter signed March 15, 2012, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to April 13, 2012.

15. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's July 29, 2011 election; and (2) that such violations had not been remedied at the time of the institution of this action.

## CAUSES OF ACTION

### FIRST

16. Section 401(c) of the Act, 29 U.S.C. § 481(c), provides that unions may not discriminate in the use of union lists of members.

17. Defendant violated section 401(c) during the conduct of the aforesaid election when Christopher Vitolo, a union official and successful candidate for President, used Defendant's list of members' home email addresses to email a June 15, 2011 campaign message to approximately 80 members, without making that list available to other candidates.

18. The June 15 email solicited recipients' votes for Vitolo and for Juan Diaz, successful candidate for First Vice President. The union's list of members' home email addresses was compiled by Vitolo and other union representatives in the course of their union duties for the purpose of communicating with members regarding union business.

### SECOND

19. Section 401(g) of the Act, 29 U.S.C. § 481(g), prohibits the use of union resources to promote the candidacy of any person in an election subject to the Act.

19. Defendant violated section 401(g) during the conduct of the aforesaid election, by using union resources to promote the candidacies of Vitolo and Diaz, when Vitolo transmitted the aforesaid June 15, 2011 email to approximately 80 members soliciting their vote for his election for President and Juan Diaz' election for First Vice President.

20. Vitolo used the union's list of members' home email addresses to transmit the June 15th email, a list that was a resource of the union, compiled using union funds.

21. The violation of sections 401 (c) and 401(g) of the Act (29 U.S.C. § §481(c) and 481(g)) may have affected the outcome of the Defendant's election for the offices of President

and First Vice President, which offices were won by margins of 22 votes and 12 votes, respectively.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment:

(a) declaring the Defendant's election for the offices of President and First Vice President to be void;

(b) directing the Defendant to conduct a new election for the offices of President and First Vice President under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

                                               Respectfully submitted,

                                               Steven M. Dettelbach
                                               United States Attorney

By:   /s/ Renée A. Bacchus
       Renée A. Bacchus (0063676)
       Kathleen Midian (0023277)
       Assistant U.S. Attorneys
       801 West Superior Avenue, Suite 400
       Cleveland, Ohio 44113
       (216) 622-3707 (Bacchus)
       (216) 622-3748 (Midian)
       (216) 522-4982 Fax
       Renee.bacchus@usdoj.gov
       Kathleen.midian@usdoj.gov

OF COUNSEL:

BENJAMIN T. CHINNI
Associate Regional Solicitor