UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
HILDA L. SOLIS, Secretary of Labor :
: CASE NO. 1:12-CV-00897
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. No. 10, 12, 13]
POSTAL POLICE OFFICERS, :
ASSOCIATION :
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this union-election dispute, the Postal Police Officers Association moves the Court to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, respectively. [Doc. 10]. Plaintiff, Secretary of Labor Solis, opposes the motion on both grounds [Doc. 12]. For the following reasons, this Court **GRANTS** the Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

**I**

The Secretary of Labor challenges a union election under 29 U.S.C. § 482. That section instructs the Secretary to begin an investigation of a union when a union-member who has exhausted internal remedies "files a complaint within one calendar month thereafter." 29 U.S.C. § 482(a). The Union says the secretary's challenge is untimely because the complaint was filed more than "one

Case No. 1:12-CV-00897
Gwin, J.

calendar month" after the union completed its internal review. [Doc. 10-1 at 1].

The Union and the Secretary agree that Scott Murray, a former president of the Union, challenged the validity of the Union's election. [Docs. 10-1 at 2; 12-1 at 3]. On December 9, 2011, the Union definitively rejected Murray's internal protest and mailed Murray a copy of its decision. [Docs. 10-1 at 2; 12-1 at 3]. Murray received the decision by certified mail on December 14, 2011. [Docs. 10-1 at 2; 12-1 at 3]. On January 13, 2012, Murray faxed a complaint to the Department of Labor, which prompted this dispute. [Doc. 10-1 at 2; 12-1 at 3].

The Secretary says the January 13, 2012 filing of the complaint was within the statute's one month deadline because "[t]he Department . . . has a longstanding interpretation that the 'calendar month' filing requirement . . . does not begin to run until the date a member receives the union's decision exhausting the union's available remedies, not the date the decision is made and/or mailed." [Doc. 12-1 at 4]. Accordingly, the Secretary urges that the one month period began on December 14, 2011, and concluded on January 14, 2012, one day before Murray faxed his complaint. [Doc. 12-1 at 4]. The Union says that the thirty day contest period begins when the Union renders its decision, December 9, 2011 in this case, citing *Dole v. United Auto Workers*, 970 F.2d 1562, 1568 (6th Cir. 1992) ("[W]e believe the only reasonable date to mark the exhaustion of union remedies is . . . when . . . [the Union] sent letters . . . explaining that the UAW considered all election issues . . . closed."). In the Union's view, the period for filing a complaint with the secretary expired on January 9, 2012, four days before Murray faxed his challenge.

## II

A court may grant a motion to dismiss only when "it appears beyond doubt" that the plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Conley v. Gibson*,

Case No. 1:12-CV-00897
Gwin, J.

355 U.S. 41, 45 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true. *Iqbal*, 129 S. Ct. at 1949-51.

"Subject-matter jurisdiction, by contrast, refers to a tribunal's power to hear a case. It presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief." *Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869, 2877 (2010) (quotations, citations omitted). It is axiomatic that parties cannot consent to subject-matter jurisdiction. When a defendant challenges subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has subject matter jurisdiction over his claim. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000).

### III

Defendant's challenge to subject matter jurisdiction fails. The only issue in these motions is whether "the allegations plaintiff makes entitle him to relief." *See Morrison*, 130 S. Ct. at 2877. The parties ask the Court to determine whether Mr. Murray's complaint, filed on January 13, entitles the Agency to relief. This is not a question of this Court's power to hear cases arising out of the 29 U.S.C. § 482, but a question of whether relief is available on this set of facts–a challenge under Rule 12(b)(6), not Rule 12(b)(1).

Case No. 1:12-CV-00897
Gwin, J.

Furthermore, since parties cannot consent to subject-matter jurisdiction, if the timely challenge requirement is a prerequisite to subject matter jurisdiction, it too cannot be waived. Yet the timely complaint requirement can be waived. *See Hodgson v. Int'l Printing Pressmen & Assistants' Union of N. Am., AFL-CIO*, 440 F.2d 1113, 1119 (6th Cir. 1971). For this additional reason, the timely filing requirement cannot be jurisdictional.

Still, this Court must determine whether the Secretary's allegations, if true, entitle her to the relief sought. The Defendant-Union says the Sixth Circuit's decision in *Dole* controls. Accordingly, it argues that the thirty day filing period began on December 9, 2011, the day the Murray exhausted his internal remedies, and concluded on January 9, 2012, four days before Murray filed his complaint. The Secretary responds that the agency has promulgated a regulation, which says,

> If the member obtains an unfavorable final decision within three calendar months after invoking his available remedies, he must file his complaint within one calendar month after obtaining the decision . . . .

29 C.F.R. § 452.135(b). The Secretary interprets the regulation to mean that the challenge period begins when the employee receives a copy of the Union's decision. Thus, it says, the challenge period expired on January 14, 2012, one month after Murray received a copy of the decision rejecting his challenge, and one day before he faxed his complaint to the Secretary.

By text and by precedent, the Union has the more natural construction of the statute. Nonetheless,

> [w]hen a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the

-4-

Case No. 1:12-CV-00897
Gwin, J.

>matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984). An "administrative implementation of a particular statutory provision qualifies for *Chevron* deference when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority." *United States v. Mead Corp.*, 533 U.S. 218, 226-27 (2001). An administrative interpretation that meets these conditions is entitled to *Chevron* deference even in the face of a preexisting and contrary decision of the Court of Appeals. *See Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services*, 545 U.S. 967, 982 (2005) ("A court's prior judicial construction of a statute trumps an agency construction otherwise entitled to Chevron deference only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion.").

The regulation, 29 C.F.R. § 452.135(b), meets these criteria. *See Martin v. Local 480, Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 946 F.2d 457, 462 n.1 (6th Cir. 1991). The Department of Labor promulgated the regulation to interpret 29 U.S.C. § § 481, 482 pursuant to authority granted by Congress. ("The Secretary shall promulgate rules and regulations prescribing minimum standards and procedures for determining the adequacy of the

-5-

Case No. 1:12-CV-00897
Gwin, J.

removal procedures to which reference is made in subsection (h) of this section."). As a regulation, it carries the force of law. The underlying statute is ambiguous, and the Secretary's construction is permissible.

While this analysis is sufficient to defer to the Agency's regulation, the regulation itself is hardly a model of clarity. The phrase "obtains an unfavorable decision" can mean either that the employee literally "obtains" a copy of the decision or that the complaint has been the subject of the unfavorable decision. While the latter construction appears more intuitive, the Agency urges the former and suggests this Court owes it deference. Generally, "[a]n agency's interpretation of its own regulation is entitled to 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" *Air Brake Sys., Inc. v. Mineta*, 357 F.3d 632, 643-44 (6th Cir. 2004) (quoting *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945)). But to qualify for deference under *Seminole Rock*, the agency's interpretation must be an "authoritative interpretation." *Id.*; *see also* Matthew C. Stephenson & Miri Pogoriler, *Seminole Rock's Domain*, 79 Geo. Wash. L. Rev. 1449, 1504 n.20 (2011) (collecting cases).

Whether the Agency deserves deference on its interpretation is a close call. Two factors weigh against the Agency. First, the agency has not been consistent in its interpretation, and this fact weighs against deference. *See United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 220 (2001) (substantial deference owed to agency's longstanding reasonable interpretation of its own regulation). Indeed, in *Dole*, the Agency argued "when the [union] President rebuffed the complainants' efforts at exhaustion, the time for filing with the Secretary began to run." Brief for Plaintiff-Appellant at 25, *Dole*, 970 F.2d 1562 (6th Cir. 1992) (No. 91-1544). It later added, "[t]he complainants filed their complaints with the Secretary . . . within one calendar month of the August

Case No. 1:12-CV-00897
Gwin, J.

24, 1989 letter from the [union] President." *Id.* These positions suggest that the Agency counted the thirty-day challenge period from the date the union president issued his decision.

Second, authoritativeness concerns both what the regulation controls–its scope–as well as the construction it gives–its substance. *Cf. Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994). The Agency's briefing does not address whether the construction the Agency urges is the authoritative construction. And the agency's failure to raise the regulation in *Dole* suggests that its current position regarding the regulation's scope–i.e. that it controls 29 U.S.C. § 481–is not authoritative. *Cf. Pauley v. BethEnergy Mines, Inc.*, 501 U.S. 680 (1991) (granting deference where "position has been faithfully advanced by each Secretary since the regulations were promulgated"); *Air Brake Systems*, 357 F.3d at 644 ("We accept the Government's acknowledgment that the opinion letters here are not entitled to any deference. . . ."). The distinction is thin, but this Court will not give the agency the deference owed to an authoritative interpretation unless the agency can show that the regulation is the authoritative construction of the statute.

When the Sixth Circuit considered *Dole,* 29 C.F.R. § 452.135(b) was already on the books. Fed. Reg. 18338 July 9, 1973 (codified at 29 C.F.R. § 452.135). If the Secretary believed that authoritative construction of the regulation is both that it controls 29 U.S.C. § 481 and that it implies that the complaint period begins when the employee has the decision in hand, it would have represented as much to the Sixth Circuit.[1/] Yet in *Dole*–and arguably now as well–the Secretary did not urge deference under *Chevron* and *Seminole Rock*, i.e. the Secretary did not urge an authoritative

---

[1/] Moreover, if, as the Secretary argues, most decisions addressing the one-month challenge period "do not address whether the time period for filing begins to run on the date the decision is sent to or received by the member," the agency's claim that its interpretation is longstanding is more difficult to accept. Indeed, beyond its position in this case, the agency points to no unambiguous evidence that it has always propounded the in hand interpretation of "obtain" instead of a handed down understanding.

-7-

Case No. 1:12-CV-00897
Gwin, J.

construction of the scope of 29 C.F.R. § 452.135(b). The failure to argue this position in *Dole* suggests that its current position is not the authoritative construction of the statute, but instead a litigation position. As such, the Agency's interpretation of 29 C.F.R. § 452.135(b) and its role in the construction of 29 U.S.C. § 481 are entitled to only persuasive weight. *See Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944); *cf. Mead Corp.*, 533 U.S. at 227-28.

As a matter of persuasion, the Union's construction is more natural. It is difficult to believe that Congress or the Agency wanted the Postal Police Officers Association (much less a union less expert in courier services) to monitor Murray's mailbox. The Court reads "obtains" to mean the date that the decision is handed down. Accordingly, the Court finds Murray's challenge untimely, as it was filed after the thirty-day challenge period expired on January 9, 2011.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: September 17, 2012              s/     *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE